UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ALFREADY DAY, SR.                              CIVIL ACTION

VERSUS                                         NUMBER 14-317-BAJ-SCR

ALCOA STEAMSHIP COMPANY, INC.,
ET AL.

### **NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 12, 2014.

                                 STEPHEN C. RIEDLINGER
                                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFREADY DAY, SR.                                CIVIL ACTION

VERSUS                                           NUMBER 14-317-BAJ-SCR

ALCOA STEAMSHIP COMPANY, INC.,
ET AL.

**MAGISTRATE JUDGE'S REPORT**

Before the court is Motion to Remand filed by plaintiff Alfready Day, Sr. Record document number 11. The motion is opposed.[1]

Plaintiff filed a Petition for Damages in state court seeking recovery for injuries, including the development of lung cancer, allegedly sustained as a result of exposure to asbestos and asbestos-containing products found aboard vessels while working for various shipowners from 1956 to 1994. Plaintiff named as defendants Alcoa Steamship Company, Inc.; Crowley Marine Services, Inc., as successor by merger to Delta Steamship Lines, Inc., f/k/a Mississippi Shipping Co., Inc.; Delta Steamship Lines, Inc.; Sea-Land Service, Inc.; Trinidad Corporation; Apex Oil Company, Inc. (identified by plaintiff as successor-in-interest to Trinidad Corporation); and Waterman Steamship Corporation. Plaintiff asserted claims under general maritime law and the Jones Act.

Defendant Alcoa Steamship Company, Inc. removed the case to

---

[1] Record document number 12.

this Court.  Defendant Alcoa alleged that the properly joined defendants consented to removal.[2]  Defendant alleged that this Court has original, exclusive subject matter jurisdiction under general maritime Law.  Defendant asserted that the plaintiff's Jones Act claim does not prohibit removal of the general maritime claims.

Plaintiff moved to remand.  Plaintiff argued that his Jones Act claim is non-removable pursuant to 28 U.S.C. 1445(a).  Plaintiff argued that because his Jones Act claim and general maritime claim for unseaworthiness arise from the same set of operative facts, and Jones Act claim is not removable by statute, the entire action is not removable.  To support this argument, the plaintiff relied on cases which held that severance of a non-removable claim under 28 U.S.C. § 1441(c) is only permitted when the otherwise removable claim is one that falls within the federal question jurisdiction conferred by 28 U.S.C. § 1331.  Because a general maritime claim does not satisfy this criteria, plaintiff argued, the inclusion of the non-removable Jones Act claim requires that the entire action be remanded to state court.

In the alternative, the plaintiff argued that the "saving to suitors" clause of 28 U.S.C. § 1333 prohibits removal of maritime

---

[2] Record document number 2.  Trinidad Corporation is not listed in the notice of consent.  Plaintiff did not raise as an issue Trinidad's failure to consent and thus has waived this procedural deficiency.

claims brought in state court. Plaintiff asserted that this Court has incorrectly permitted removal of such claims under the current version of § 1441.

**Applicable Law**

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995). The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns. *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir. 1997). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

**Removal of General Maritime Claims**

Under 28 U.S.C. § 1333 federal district courts have original jurisdiction over admiralty and maritime cases, saving to suitors in all cases all other remedies to which they are otherwise entitled. *Morris v. T E Marine Corp.,* 344 F.3d 439, 444 (5th Cir. 2003), citing, *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79, 79 S.Ct. 468,(1959).

In December 2011, the federal removal statute, 28 U.S.C. § 1441, was amended and currently reads, in relevant part, as follows:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.—(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>    (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> (c) Joinder of Federal law claims and State law claims.—(1) If a civil action includes—
>     (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>     (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)
>    (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

The Fifth Circuit has historically held that general maritime

4

claims saved to suitors were not of themselves removable pursuant to the prior version of § 1441, which stated:

> a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The Fifth Circuit court reasoned that because general maritime claims did not arise under the Constitution, treaties or laws of the United States, § 1441(b) was an Act of Congress which prevented removal of such claims under § 1441(a). *In re Dutile*, 935 F.2d 61, 62-63 (5th Cir. 1991); *Tenn. Gas Pipeline v. Hous. Cas. Ins.*, 87 F.3d 150, 153 (5th Cir. 1996). Maritime claims were considered "other such action[s]" which required a separate basis for federal question jurisdiction or diversity jurisdiction to be removed. *Id*.

**The Jones Act**

The Jones Act provides a cause of action in negligence for a seaman who is injured in the course of his employment. 46 U.S.C. § 30104(a). This statute incorporates the federal laws regulating

recovery for personal injury to railway employees, i.e. the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60. Therefore, Jones Act claims are non-removable pursuant to 28 U.S.C. § 1445(a).[3]

**Analysis**

The court must determine whether a general maritime claim under § 1333 is removable under current version of § 1441 when joined with properly pled Jones Act claim. It is important to note that defendant Alcoa did not assert in its Notice of Removal that the plaintiff failed to properly plead a Jones Act Claim, nor did the defendants do so in their opposition to this motion.

Defendants urged the court to continue holding that general maritime claims are removable under the current version of § 1441, but they failed to specifically address the impact of the presence of the plaintiff's non-removable Jones Act claim. Defendants relied on other cases decided by this court, and particularly urged the court to follow *Harrold v. Liberty Insurance Underwriters, Inc.*, No. 13-762, 2014 WL 688984 (M.D.La. Feb. 2014), and the cases cited in it. But *Harrold* is not persuasive because in arguing for remand the plaintiff specifically relied on cases which were

---

[3] Section 1445(a) provides that "[a] civil actions in any State court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. 51-54, 55-60), may not be removed to any district court of the United States."

6

decided based on the pre-amendment version of § 1447(c)[4]. Nor are the other cases relied on by the defendants persuasive. *Provost v. Offshore Serv. Vessels, LLC*, No. 14-89, 2014 WL 2515412, (M.D.La June 4, 2014) did not include a Jones Act Claim. Both *Bridges v. Phillips 66 Co.*, No. 13-477, 2013 WL 6092803 (M.D.La. Nov. 19, 2013), and *Garza v. Phillips 66 Co.*, No. 13-742, 2014 WL 1330547 (M.D.La. April 1, 2014), were removed on the basis of federal question jurisdiction under the Outer Continental Shelf Lands Act and alleged that the plaintiffs fraudulently pled a Jones Act claim.[5]

Defendants did not address how the plaintiff's "action", i.e. his state court suit, can be removed when it contains a "claim" that is statutorily non-removable under § 1445(a). Section 1441(c) permits removal of a "claim" not within the original or supplemental jurisdiction of the district court, or a "claim" that has been made non-removable by statute, when joined with "a claim

---

[4] CV 13-762, record document number 9, Magistrate Judge's Report, p. 7:
  Citing *Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494 (5th Cir. 1984), and *Scott v. Southern Towing Co.*, 2011 WL 6294254 (M.D.La. 2011), the plaintiff argued that removal of a case containing a Jones Act claim could only be proper under § 1441(c) if a separate and independent claim invoking federal jurisdiction existed.  Plaintiffs' reliance on these case is unavailing because the decisions were based on the pre-amendment version of § 1441(c).  The current version of § 1441(c) no longer requires the "separate and independent" claim analysis.

[5] This issue is still in dispute in both cases.

7

arising under the Constitution, laws, or treaties of the United States". The pre-amendment version of § 1441(c)[6] required, and the post-amendment versions of § 1441(c) still requires, that the "civil action" include "a claim" within the meaning of § 1331 to remove a statutorily non-removable "claim" which is part of that civil action.[7] This court cannot exercise removal jurisdiction without a legal basis on which to remove the entire state court case - "a civil action." Because the plaintiff's state court suit is not removable due to the inclusion of his properly pled Jones Act claim and the absence of a federal question claim, the plaintiff's arguments concerning removal of general maritime claims do not need to be addressed.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Alfready Day, Sr., be granted.

Baton Rouge, Louisiana, September 12, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] Before the 2011 amendment § 1441(c) stated as follows: Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

[7] This Court has not held that a general maritime claim falls within the purview of § 1331 jurisdiction. Thus, § 1441(c) is not applicable.

8